UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TIMOTHY WAYNE WILBANKS, ) | C/A No.: 4:11-cv-02675-MGL-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| **)** | |
| WILLIAM R. BYARS. DIR. SCDC; ) | |
| RICKY CHASTAIN, SHERIFF LAURENS, CO., ) | |
| ) | |
| Respondent. ) | |

The Petitioner, Timothy Wayne Wilbanks (Petitioner/Wilbanks), is currently incarcerated at Laurens County Detention Center. Petitioner, appearing *pro se*, filed a writ of habeas corpus on October 5, 2011. Respondent filed a motion for summary judgment on March 19, 2012. ( Doc 28). Petitioner, in turn, filed a response on April 16, 2012. (Doc 37).

**PROCEDURAL HISTORY**

Petitioner is presently confined in the Laurens County Detention Center pursuant to the orders of commitment of the Clerk of Court for Spartanburg County. (2002-GS-42-5135; 5136). Petitioner was indicted at the November 2002 term of the Spartanburg County Grand Jury for armed robbery and possession of a stolen vehicle. At trial, Petitioner was represented by James E. Hatcher, Esquire. Petitioner was found guilty as indicted, and the Honorable J. Derham Cole

sentenced him to concurrent terms of sixteen years for armed robbery and five years for possession of a stolen vehicle.

**Direct Appeal**

Petitioner timely filed a notice of appeal. Wanda H. Carter of the South Carolina Office of Appellate Defense represented him on appeal, and pursuant to Anders v. California, 386 U.S. 378 (1967), filed a petition to be relieved as counsel and a final brief arguing that "The trial court erred in refusing to suppress the identification of appellant where the identification procedure was unduly suggestive and was not reliable under the totality of the circumstances." (Anders brief). Pursuant to Anders procedure, Petitioner filed a *pro se* brief arguing:

1. The trial court err[ed] in refusing to suppress all evidence against appellant as a result of an illegal arrest and detention[;]

2. The trial court err[ed] in denying a directed verdict motion as to the armed robbery defense[;]

3. The trial court err[ed] in denying a directed verdict motion on the possession of a stolen vehicle offense[.]

*(Pro Se* Brief of Appellant in State v Wilbank*)*. The South Carolina Court of Appeals subsequently dismissed Petitioner's appeal and pursuant to the Anders procedure, granted counsel's petition to be relieved. Petitioner sought a rehearing but was denied. (Order Denying Petition for Rehearing in State v Wilbanks.)

Petitioner then filed a *pro se* petition for writ of certiorari in the Supreme Court of South Carolina arguing:

1. The Court of Appeals should have held that the lower court did error[sic] in refusing to suppress all evidence obtained against appellant as a result of an illegal arrest and detention pursuant to the Fourth Amendment[;]

2. The Court of Appeals should have held that the lower court did error[sic] in denying Appellant's motion for directed verdict on the armed robbery offense[;]

3. The Court of Appeals should have held that the lower court did error[sic] in denying applicant's motion for directed verdict on the possession of a stolen vehicle[.]

(*Pro Se* Petition for Writ of Certiorari in State v Wilbanks). The Remittitur was issued on July 20, 2006.

**PCR**

On September 26, 2006, Petitioner filed an application seeking post-conviction relief (PCR). (PCR Application in #2006-CP-42-3107). The State filed a return requesting an evidentiary hearing. Id. In his application and amendment, Petitioner argued he was unlawfully being held in custody due to:

1. Ineffective assistance of counsel, in that:

a. Counsel refused to request DNA analysis of clothing and automobile when Applicant begged attorney to do so.

b. Counsel failed to point out serious irregularities and alterations in the incident report.

c. Counsel failed to point out serious inconsistencies in statements of alleged witnesses Price and Serig.

d. Counsel failed to call witnesses, right to confrontation, including but not limited to Officer Heyde, Officer Bledsoe, Pat Parrish, owner of Interstate Wrecker's son, and female owner of Sun & Sand.

e. Counsel failed to request jury charge of lesser included charge of strong armed robbery.

f. Counsel failed to investigate and point out at trial possible alterations to video of motel parking lot and differences between testimony regarding stolen car and how video represented the car.

-3-

    g.      Counsel failed to argue State's use of photo lineup rather than live lineup and use of older photo of Applicant.

    h.      Counsel failed to explain to Applicant and request Alford plea before trial.

    i.      Counsel failed to call possible corroborating witness (prostitute) at trial.

    j.      Counsel failed to impeach witnesses, including Price, as to inconsistencies in testimony at trial and at <u>Jackson v Denno</u> hearing.

    k.      Counsel failed to show significant inconsistencies between original and final witness statements of Robert G. Carr, Jr.

    l.      Counsel failed to impeach testimony of State's witnesses that no video was taken.

    m.      Counsel failed to object to unlawful and void indictments and failed to move to have the stolen vehicle indictment dismissed due to violation of venue.

    n.      Counsel was laboring under a conflict of interest and failed to conduct the required inquiry after being alerted to the conflict of interest; and

    2.      Violations of Due Process and Subject Matter Jurisdiction

(PCR Application in #2006-CP-42-3107; Amendment to PCR Application # 2006-CP-42-3107.). On November 1, 2010, an initial evidentiary hearing was conducted before the Honorable J. Mark Hayes, II, in Spartanburg. Petitioner was present and represented by C. Kevin Miller, Esquire while the State was represented by Assistant Attorney General, Suzanne H. White, Esquire. A final hearing was held on June 17, 2011. Following the hearing, the PCR court issued a ruling denying Petitioner relief on November 4, 2011. Petitioner did not file a Rule 59(e) motion and failed to seek state appellate review.

# GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

    PCR based Claims.

        The PCR court erred in not granting relief based on:

Ground One: Defense Counsel's failure to request charge of Lesser-Included Offense on Armed Robbery;

Ground Two: Defense Counsel's failure to ensure Constitutional Right to Confrontation of key witnesses used in procurement of probable cause;

Ground Three: Defense Counsel was ineffective by keeping silent to the gross prosecution misconduct prevalent in this case as well as the PCR court erred in turning a blind eye also.

    Direct Appeal Based Claims:

Ground Four: The South Carolina Court of Appeals erred in not granting a direct appeal by not suppressing all identification evidence and reversing case but dismissed on Anders brief;

Ground Five: The S.C. Court of Appeals erred by not suppressing all evidence as a result of illegal arrest and detention. Should have been granted appeal based on trial court's error;

Ground Six: The S.C. Court of Appeals erred in not granting appeal based on trial court's err[or] in not granting directed verdict on armed robbery;

Ground Seven: The S.C. Court of Appeals erred in not granting appeal based on trial court's err[or] in not granting directed verdict on possession of stolen vehicle.

(Petition, 1-1, 1-2, 1-3).

---

## **SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio

Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)).  However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.*  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**PROCEDURAL BAR**

A. Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas claim if a petitioner has not first submitted his claims for relief to the state courts. Generally, pursuant to the exhaustion doctrine[1], a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the claim has not first been presented to the state's highest court with authority to decide the issue. See 28 U.S.C. §2254[2]; Rose v. Lundy, 455 U.S. 509, 515 (1982).

---

[1] As stated by the Supreme Court:
> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

[2] §2254(b) and (c) read as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I) there is either an absence of available State corrective process; or

    (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

    (2) An application for a writ of habeas corpus may be denied on the

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court[3] through direct

---

        merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)    A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[3] The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review in the South Carolina Supreme Court after the petition's transfer to the South Carolina Court of Appeals. See State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 854 (S.C. 2002), *citing* In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 471 S.E. 2d 454 (S.C. 1990).

appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must present the issue to the state court before requesting a writ of habeas corpus in the federal courts. See Rose, 455 U.S. at 515; Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983); Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977).

If a petitioner fails to raise a claim at the appropriate time in state court and state procedural rules bar further means of presenting the issue to the state courts, the claim is procedurally bypassed and, generally, is procedurally barred from federal habeas review. Smith v. Murray, 477 U.S. 527, 533 (1986).

Federal courts have jurisdiction to consider habeas claims subject to procedural bar (through exhaustion or procedural bypass); however,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

B. Cause and Actual Prejudice

In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance

of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988). Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054, 121 S.Ct. 661, 148 L.Ed.2d 563 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir.1997). Petitioner may rely on the doctrine of actual innocense to excuse default. "Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir.1996), *aff'd*, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999). A petitioner may establish actual innocence as to his guilt, Id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir.1997). Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir.1995), *cert. denied*, 517 U.S. 1171, 116 S.Ct. 1575, 134 L.Ed.2d 673 (1996).

## ANALYSIS

PCR based claims

The Respondent contends that Grounds One, Two and Three raised in this habeas petition which are PCR-based claims[4] are technically exhausted but are procedurally barred from federal habeas corpus review. Specifically, Respondent argues that Grounds One and Two were raised and ruled upon by the PCR court but Petitioner failed to seek appellate review of these claims in the Supreme Court of South Carolina. As to Ground Three, Respondent argues this ground was not presented to the PCR court in its present form and is also procedurally barred.

The PCR based habeas Grounds One, Two and Three were not ruled upon by the state's highest court. Thus, these issues are procedurally defaulted. Marlar, supra; Coleman, supra. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Grounds 1-3 which are PCR based be dismissed as procedurally barred

---

[4] PCR-based claims are: (1) "the PCR Court erred in not granting relief based on defense councels[sic] failure to request charge of lesser included offense on armed robbery; (2) "defense counsel failed to ensure constitutional right to Confrontation of key witnesses used in procurement of probable cause, and PCR court erred in not granting relief asserting that (3) "defense counsel was ineffective by keeping silent to the gross prosecution misconduct prevalent in this case as well as the PCR court erred in turning a blind eye also." (P. 11).

**Direct Appeal based claims**:

As previously set forth, Petitioner raised the following claims in relation to his direct appeal: (4) "The S.C. Court of appeals erred in not granting a direct appeal by not suppressing all identification evidence and reversing case be dismissed on Anders brief"; (5) "the S.C. Court of Appeals erred by not suppressing all evidence as a result of illegal arrest and detention. Should have been granted appeal based on trial court's error"; (6) "the S. C. Court of Appeals erred in not granting appeal based on trial court's err[or] in not granting directed verdict on armed robbery"; and (7) "the S.C. Court of Appeals erred in not granting appeal based on trial court's err[or] in not granting directed verdict on possession of a stolen good."

Respondent argues that Ground Four is procedurally barred due to Petitioner's failure to raise the issue in either his petition for rehearing or petition for writ of certiorari resulting in the issue being abandoned on appeal. Petitioner's Ander's brief did not challenge all identification evidence but only challenged the eyewitness identification of Scott Serig. The undersigned agrees and finds that Ground Four is procedurally barred from habeas review as it was not raised in the petition for writ of certiorari to the state's highest court.

In Ground Five, Petitioner argues the South Carolina Court of Appeals erred by not suppressing all evidence as a result of illegal arrest and detention. Respondent argues that this a free-standing Fourth Amendment claim not cognizable in federal habeas corpus so long a Petitioner had a full and fair opportunity to litigate the claims in state court. Respondent argues

that Petitioner sought a motion in *limine* based upon this rationale and cannot assert a free-standing Fourth Amendment claim in federal habeas.

A federal court will not grant habeas relief based on a Fourth Amendment violation if "the State has provided an opportunity for full and fair litigation" of the claim. Stone v. Powell, 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). As Petitioner raised this clam in his motion below, he was provided with such opportunity. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Five.

In Grounds Six and Seven, Petitioner argues that the South Carolina Court of Appeals erred in not granting appeal based on trial court's error in not granting a directed verdict on the armed robbery charge and on the possession of stolen vehicle charge. Respondent argues that the State courts were not unreasonable in denying Petitioner relief on these claims. Respondent argues there was ample evidence supporting the jury's verdict of guilt as to both charges so that the court was not unreasonable in denying Petitioner relief from his directed verdict motions. Specifically, Respondent asserts that Petitioner's statement in which he admitted to robbing the store and fleeing in the car which was reported stolen from Interstate Wrecker Service was determined to be voluntary. Further, Petitioner admitted to taking the white Buick which he clearly understood was not his. Additionally, Respondent asserts Petitioner's statement is clear evidence that he robbed the store at issue and all the details were corroborated by both witnesses, Price and Serig.

Petitioner's claim that the trial court erred in failing to direct a verdict of acquittal goes to the sufficiency of the evidence. Such a claim is cognizable on collateral review: however, a federal court's review of such claims is "sharply limited. Wilson v. Greene, 155 F.3d 396, 405 (4th Cir.1998), cert. denied, 525 U.S. 1012, 119 S.Ct. 536, 142 L.Ed.2d 441 (1998) (quoting Wright v. West, 505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992)); see also Evans-Smith v. Taylor, 19 F.3d 899, 905 (4th Cir.1994) ["The standard is obviously rigorous."] "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review". Wilson, 155 F.3d at 405-406 (citing Wright, 505 U.S. at 292). Further, a federal reviewing court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from the facts proven to the facts sought to be established; United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982); and when faced with all the evidence that allows conflicting inferences, this Court must presume that the jury resolved such conflicts in the state's favor. Jackson v. Virginia, 443 U.S. 307, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Therefore, Petitioner is entitled to relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Wilson, 155 F.3d at 406 (quoting Jackson, 443 U.S. at 324)); see also George v. Angelone, 100 F.3d 353, 357 (4th Cir.1996); Bradley v. State, No. 04-1278, 2005 WL 3475770 at *6 (D.S.C. Apr.5, 2005).

In this case, Petitioner was charged with armed robbery[5] and possession of a stolen vehicle[6]. Two eyewitnesses identified Petitioner as the person who committed the robbery. (Tr. 236-237, 255-256). At the trial, a voluntary statement by Petitioner was admitted into evidence without objection. (Tr. 302). In the voluntary statement, Petitioner stated as follows:

> ....I, Timothy, walked next door to the Interstate Wrecker and walked to the white Buick. The keys were in the car and I, Timothy, took it. I Timothy, was stewing and brewing really frustrated with life. I, Timothy, got all kind of thoughts in my head and all these drugs in my system. There is no way I, Timothy,

---

[5] § 16-11-330. Robbery and attempted robbery while armed with deadly weapon:

(A) A person who commits robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor, or other deadly weapon, or while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon, is guilty of a felony and, upon conviction, must be imprisoned for a mandatory minimum term of not less than ten years or more than thirty years, no part of which may be suspended or probation granted. A person convicted under this subsection is not eligible for parole until the person has served at least seven years of the sentence.

[6] § 16-21-80. Receiving, possessing, concealing, selling, or disposing of stolen vehicle.

A person not entitled to the possession of a vehicle who receives, possesses, conceals, sells, or disposes of it, knowing it to be stolen or converted under circumstances constituting a crime, is guilty of a:

(2) felony and, upon conviction, must be fined in the discretion of the court or imprisoned not more than five years, or both, if the value of the vehicle is more than two thousand dollars but less than ten thousand dollars;

> could hurt anyone or thought of hurting anyone. All I, Timothy, needed was money and drugs. That's when I thought the simplest thing to do is to rob a small place rather than a bank. That's when I was drawn to Papa John's Pizza. I, Timothy, just walked straight in there. There was guy and lady there and the lady there thought that I, Timothy, was joking. The lady asked me, Timothy, was I, Timothy, serious and I, Timothy, told the lady that I, Timothy, was desperate. The lady said she could not open the drawer and that me more nervous [sic]. That's when I, Timothy, put my hand down under by shirt and told the lady that I, Timothy, had a gun, and the lady insisted that she could not open the drawer. I, Timothy, told the lady again that I, Timothy, was desperate and open the drawer. And the other guy said I, Timothy, did not have a gun. I, Timothy, just stood there and the girl said she could not open the drawer unless she rang up something. And the gu[y] said to the girl to just ring up something and hand the money to me. I, Timothy, told the girl to just give me the paper money. The girl gave me the money and I, Timothy, left. Being tired and worn out from being up for three days, I, Timothy, went and bought eighty or a $100.00 worth of drugs and went and checked into the motel. I, Timothy, thought the motel would be a good place to get caught and put closure to this.

(Tr. 303-304).

As previously discussed, this Court's review of this claim is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in Williams v. Taylor, supra; see Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e) (1); see also Evans, 220 F.3d at 311-312; and Petitioner is entitled to relief only if no rational trier of fact could have found guilt beyond a reasonable doubt. Wilson, 155 F.3d at 406. Based upon a review of the evidence submitted at trial, the undersigned does not find that Petitioner has shown that no rational trier of fact could have found him guilty. The undersigned can also find no reversible error in the trial judge's refusal to grant a directed verdict on this claim based on this

testimony and evidence, or in the state court's upholding this decision on appeal. Evans, 220 F.3d at 312 (Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) (Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence); Wilson, 155 F.3d at 406("[A] federal court reviewing the sufficiency of the evidence on collateral attack must consider the evidence in the light most favorable to the prosecution and must presume that the jury resolved any conflicts over the historical facts in the [state's] favor."). Therefore, it is recommended that Grounds Six and Seven be dismissed.

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #29) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 29, 2012  
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**