# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Wayne Wilbanks,            ) | Civil Action No.: 4:11-2675-MGL |
| )  | |
| Petitioner,   ) | |
| )  | |
| v.                                 ) | **OPINION AND ORDER** |
| )  | |
| William R. Byars, Dir. SCDC; Ricky ) | |
| Chastain, Sheriff Laurens Co.,     ) | |
| )  | |
| Respondents.  ) | |
| )  | |

Petitioner Timothy Wayne Wilbanks ("Petitioner"), an inmate of the South Carolina Department of Corrections proceeding pro se, seeks habeas corpus relief under Title 28 United States Code, Section 2254. Petitioner filed his petition on October 5, 2011. (ECF No. 1.) Respondent William R. Byars ("Respondent") filed a motion for summary judgment, return and memorandum in support of the motion for summary judgment, and a supplemental return with the Post Conviction Relief (PCR) transcript. (ECF Nos. 28, 29 & 34.) On April 16, 2012, Petitioner filed a response in opposition. (ECF No. 37.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report").

This matter now comes before this court for review of the Report. In the Report, the Magistrate Judge recommends that Respondent's motion should be granted, the Petition for Writ of Habeas Corpus ("Petition") be denied, and the Petition be dismissed without an evidentiary hearing. (ECF No. 42.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

In his pro se Petition for Writ of Habeas Corpus, Petitioner raises seven grounds for relief. The Magistrate Judge grouped and identified these claims as "PCR based claims" and "Direct Appeal Based Claims." (ECF No. 42 at 5-6.) Petitioner's PCR based claims allege that the PCR court erred in not granting relief based on: 1) Defense counsel's failure to request a charge of a lesser-included offense on armed robbery; 2) defense counsel's failure to ensure Petitioner's constitutional right to confrontation of key witnesses used to procure probable cause; 3) Defense counsel was ineffective by keeping silent as to the prosecutorial misconduct prevalent in this case. Petitioner also makes four Direct Appeal claims: 4) the South Carolina Court of Appeals erred in not granting an appeal based on the trial court's failure to suppress identification evidence; 5) the South Carolina Court of Appeals erred by not granting a direct appeal based on trial court's error in failing to suppress evidence obtained as a result of illegal arrest and detention; 6) the South Carolina Court of Appeals erred by not granting an appeal based on the trial court's failure to grant a directed verdict on armed robbery; and 7) the South Carolina Court of Appeals erred by not granting an appeal based on the trial court's failure to grant a directed verdict on possession of a stolen vehicle. (ECF No. 42 at 5.)

The Magistrate Judge analyzed Petitioner's assertions of error under the applicable standards

of review.  The Magistrate Judge recommends that Petitioner's PCR based claims be dismissed as procedurally barred from federal habeas corpus review because these grounds were not ruled upon by the state's highest court and Petitioner has not demonstrated cause and prejudice for this procedural default.  (ECF No. 42 at 13.)  The Magistrate Judge found that Petitioner's fourth ground concerning the suppression of identification evidence was also procedurally barred as it was not raised in Petitioner's petition for writ of certiorari to the state's highest court. (ECF No. 42 at 14.) The Magistrate Judge also recommends that Respondent's Motion for Summary Judgment be granted as to the fifth ground since Petitioner raised this claim below and therefore it is not cognizable as a free-standing Fourth Amendment Claim. (ECF No. 42 at 14-15.)  Finally, the Magistrate Judge noted that grounds six and seven go to the sufficiency of the evidence and while such claims are cognizable on collateral review, the federal court's review is limited.  (ECF No. 42 at 16.)  Based on the applicable standards and the record in this case, the Magistrate Court found no error in the trial court's refusal to grant a directed verdict and recommends dismissal. (ECF No. 42 at 16-19.)

Petitioner filed timely objections to the Magistrate Judge's Report and Recommendation and the court has considered them.  (ECF No. 44.)  Petitioner first objects to the entire Report and Recommendation. (ECF No. 44 at 2.)  As an initial matter, however, a party's general objections are not sufficient to challenge a magistrate judge's findings.  *See Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 508–09 (6th Cir.1991); *Ford v. Reynolds*, No. 3:11-67, 2011 WL 2581397, * 2 (D.S.C. 2011).  Therefore, this general objection is overruled and the court turns to Petitioner's more specific objections.

Next, Petitioner argues that the Report and Recommendation is "not a product of careful

examination" and points to errors in the Report and Recommendation pertaining to the "actual trial judge's name," "the actual S.C. Appellate Defense Attorney," and "the (R&R) content for the most part." (ECF No. 44 at 2.) The court does not find that these generalized objections are sufficient to raise any questions about the Magistrate Judge's Report and Recommendation. Petitioner objects to contents of the entire Report "for the most part" but does not point to any specific defect in the Magistrate Judge's analysis. The court notes that the Magistrate Judge's misidentification of Petitioner's appellate counsel (Eleanor Duffy Cleary) and the sentencing trial judge (the Honorable Larry R. Patterson) was at most a scrivener's error or clerical error that did not affect the Magistrate Judge's later analysis. Plaintiff does not point to any facts or other evidence that would call into question the Magistrate Judge's legal conclusions. This objection therefore has no merit.

Plaintiff also objects to "the blatant disregard to the felony acts committed by Detective Toby Bradley" and the cover up of these acts by various levels of the judiciary. (ECF No.44 at 3.) Upon review of the Petition, Petitioner's initial reference to and discussion of Detective Bradley is concerning warrants obtained by Detective Bradley by fraud as well as alleged acts of spoliation which led to alleged prosecutorial misconduct. (ECF No. 1 at 7-10.) Petitioner claims that these issues were not treated by the Magistrate Judge, but to the contrary, these concerns are embodied in the PCR claims that Petitioner raised, i.e., grounds two and three of the Petition. The Magistrate Judge did in fact treat these matters and concluded that these claims are procedurally defaulted. This court agrees; Petitioner's objections fail to add any new arguments that would make this court reject the Magistrate Judge's Report and Recommendation.

The undersigned has made an independent examination of the record in this case, carefully examining the Report and Recommendation of the Magistrate Judge as well as Petitioner's

objections. After conducting a de novo review of those matters as to which an objection was made in light of the applicable law, the court agrees with the conclusion of the Magistrate Judge recommending that Respondent should be granted summary judgment. Therefore, except for scrivener's errors discussed briefly above, the court adopts the reasons for denying the Petition set forth in the Report and Recommendation. The reasoning is hereby adopted and incorporated in this Order by reference. Petitioner's objections are hereby overruled. Petitioner does not provide any reasoning–legal or otherwise–to support his argument that the Magistrate Judge erred either in his consideration of the evidence or in arriving at any conclusion or recommendation.

THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED (ECF No. 42), Petitioner's objections are OVERRULED (ECF No. 44); and Respondent's Motion for Summary Judgment is GRANTED. The Petition is DISMISSED without an evidentiary hearing.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case,

the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED**.

                                        /s/ Mary G. Lewis
                                        United States District Judge

December 12, 2012
Spartanburg, South Carolina